UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EDUARDO ALFREDO TALLEDO-ACOSTA,**<br><br>    Petitioner,<br><br>v.<br><br>**ALBERTO GONZALES**, et al**.,**<br><br>    Respondents. | 06-CV-2362 (WJM)<br><br><br><br>**ORDER** |

    **THIS MATTER** comes before the Court by Petitioner Eduardo Talledo-Acosta's Complaint for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus. Petitioner argues that his continued detention is not authorized under 8 U.S.C § 1231 and violates his due process rights under the Fifth Amendment of the United States Constitution. Petitioner seeks, among other forms of relief, release from detention pending his deportation.

    Since the submission of Petitioner's and Respondents' briefs, several pertinent developments have occurred in this case. The Fifth Circuit denied Petitioner's appeal of his final order of deportation and lifted his stay of deportation on November 2, 2006. *Talledo-Acosta v. Gonzales*, No. 05-60707, 2006 U.S. App. LEXIS 27187 (5th Cir. Nov. 2, 2006). As a result, Petitioner was scheduled to be removed on February 3, 2007 via a Continental Airlines flight to Lima, Peru. (February 26, 2007 Letter from Neil Gallagher to Judge William Martini Ex. A.) A deportation officer at the U.S. Dept. of Homeland Security ("DHS") wrote in a January 29, 2007 memorandum to file that the Consulate General of Peru was ready to issue a travel document to Petitioner but did not issue one as Petitioner refused to sign the travel document. (February 26, 2007 Letter from Neil Gallagher to Judge William Martini Ex. B.) It is this Court's

understanding that Petitioner has now agreed to make an application to the Consulate General for a travel document.  (February 26, 2007 Letter from Neil Gallagher to Judge William Martini 1.)

Based upon a review of the parties' submissions, the Court finds that Petitioner's continued detention is statutorily permissible under 8 U.S.C. § 1231.  Under this statute, the Attorney General is authorized to detain Petitioner during a ninety-day removal period.  8 U.S.C. § 1231(a)(2).  The removal period begins on the date of the court's final order if the removal order is judicially reviewed, and a stay of removal is issued.  8 U.S.C. § 1231(a)(1)(B)(ii).  As the Fifth Circuit issued its mandate on December 27, 2006, Respondents have until March 27, 2007 to effectuate Petitioner's removal.  Even if Petitioner is detained beyond this ninety-day period, an extension of the ninety-day removal period is permissible "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).  Therefore, Petitioner's refusal to sign the travel document would likely extend the ninety-day removal period.

Under *Zadvydas v. Davis*, an alien detainee must be released after a presumptively reasonable six-month period of post-removal order detention, if he can establish that his removal is not reasonably foreseeable.  533 U.S. 678, 701 (2001).  Petitioner has been detained for a total of twenty-five months, but only four months have elapsed since the Fifth Circuit's November 2, 2006 order denying his appeal and lifting his stay of deportation.  Furthermore, Petitioner cannot establish that his removal is not reasonably foreseeable.  The Fifth Circuit has reviewed and denied Petitioner's appeal.  The stay of deportation has been lifted.  The Consulate of Peru was ready to issue a travel document, and Petitioner was booked on a flight to Peru.  Therefore, Petitioner's deportation appears imminent and foreseeable.

With regards to Petitioner's due process claim, the Court, having carefully considered the record, finds that Petitioner was afforded adequate due process through Respondents' periodic and individualized review of his continued detention following the procedures contained in 8 C.F.R. § 241. *See generally Ngo v. INS*, 192 F.3d 390 (3rd Cir. 1999)(reviewing Interim Rules that mandated searching periodic reviews and determining that "these rules . . . conscientiously applied, . . . provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal"). In accordance with 8 C.F.R. § 241.4, Petitioner was given a post-order custody review on November 1, 2005, and DHS determined that Petitioner constituted a significant flight risk, presumably, due to his prior failures to appear before immigration authorities, flight from a November 14, 1986 order of deportation, and failure to voluntarily depart on February 24, 1997. (Resp'ts' Answer Ex. B.) Therefore, DHS ordered Petitioner to remain in detention. (*Id*.) As there is no indication that Petitioner was denied the type of individualized custody review due under the Fifth Amendment, the Court finds that Petitioner's detention at this juncture does not violate due process. The Court will dismiss this petition without prejudice to allow Petitioner the opportunity to reassert his claims regarding continued detention if, in the future, he is denied adequate due process, or changed circumstances warrant revisiting these claims. Accordingly,

**IT IS** on this 5th day of March, 2007, hereby

**ORDERED** that the petition for injunctive and declaratory relief and writ of habeas corpus is **DISMISSED** without prejudice**.**

s/William J. Martini
_____
**William J. Martini, U.S.D.J.**